UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEWIS MARTIN MOTON, JR.,

    Plaintiff,

v.                      Case No. 8:09-cv-1986-T-33TBM

SERGEANT K. WALKER,

    Defendant.

## **O R D E R**

This cause is before the Court on Defendant Walker's Rule 12(b)(6) motion to dismiss Plaintiff Moton's 42 U.S.C. § 1983 civil rights complaint (Doc. 13) and Moton's response in opposition to the motion to dismiss (Doc. 14).

### **MOTON'S ALLEGATIONS**

Moton claims that he was subjected to an unnecessary strip search conducted in an unreasonable manner, and he also raises claims of retaliation regarding the strip search and disciplinary proceedings resulting from his refusal to comply with orders given with respect to the search.

The complaint reads:

> I was sexually harassed and sexually assaulted by Sgt. K. Walker who conducted a violative strip search which deviated from proper procedure with malicious and sadistic intent to demean, humiliate, embarass and traumatize

me in violation of my 8th and 14th Amendment rights.

On September 22, 2005, I was sexually harassed and sexually assaulted by Sgt. Walker who conducted a violative strip search which deviated from proper procedure. I was subjected to an unnecessary strip search designed to purposefully demean, embarrass, humiliate and traumatize in order to jeopardize my good conduct and facilitate a recommendation to close management and conduct a retaliatory transfer because of filing complaints against staff and conditions of confinement. Sgt. Walker ordered me to bend over and spread my butt cheeks, which then constituted a "body cavity search" as he wished to look into my anus/rectum/body orifice and/or cavity for no good reason other than to be malicious and sadistic and abuse his authority. Sgt. Walker ordered me to bend over and spread by butt cheeks three times, which I did twice, the third time announcing I felt he was sexually harassing me. The violative strip search deviated from procedure and became even more invasive upon my right to be free from such treatment when Sgt. Walker then conducted an unauthorized body cavity search, wanting me to spread my butt cheeks three times. The "strip search" was unnecessary as no contraband was recovered. I was traumatized physically, psychologically, recommended for close management behind false disciplinary reports and transferred to close management for six months (Charlotte C.I.). Sgt. K. Walker is sued in his individual capacity.

Plaintiff Moton seeks "nominal, compensatory and punitive damages in the amount of $20,000 and all court costs, attorney fees and copying costs to be paid by Defendant Sgt. K. Walker.

## DEFENDANT WALKER'S ALLEGATIONS

The facts as alleged by Moton do not support a cause of action for the violation of his constitutional rights. In addition, a review of the Complaint reveals that Moton has not completely exhausted his administrative remedies. Further, Moton has not alleged any physical injury which would sustain his claim for damages for mental or emotional injury pursuant to 42 U.S.C. §1997e(e). Finally, Sergeant Walker is entitled to qualified immunity for matters raised in the Complaint.

## STANDARD OF REVIEW FOR RULE 12(b)(6) MOTIONS TO DISMISS

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007).

While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). As a general proposition (and setting aside for the moment the special pleading requirements that attach to § 1983 claims subject to a qualified immunity defense), the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Judicial inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 127 S.Ct. at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly,* 550 U.S. 544, 127 S. Ct. at 1965.

*Twombly* applies to § 1983 prisoner actions. *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008). As the Eleventh Circuit has explained, "[w]e understand *Twombly* as a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008). To determine whether a complaint fails to state a claim upon which relief

can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."

The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

The Court is not required to accept the plaintiff's labels and legal conclusions in the complaint as true. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260-61 (11th Cir. 2009). A complaint is subject to dismissal for failure to state a claim when the factual allegations set forth do not raise the claim for relief above a speculative level. *Id.* at 1261; *Rivell v, Private Health Care Sys., Inc.,* 520 F.3d 1308, 1309 (11th Cir. 2008)(quoting *Twombly,* 550 U.S. at 555). It is not enough that a claim is conceivable, the applicable standard is that a claim must be plausible on its face, and is subject to dismissal when the facts pled do not

---

[1] The application of the *Twombly* standard was clarified in *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

meet this requirement. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d at 1261; Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.

In addition to these generally applicable pleading standards, the Eleventh Circuit requires a heightened pleading standard in civil rights cases: " . . . we must keep in mind the heightened pleading requirements for civil rights cases, especially those involving the defense of qualified immunity." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). This requirement was addressed by the Eleventh Circuit in a recent decision:

> Although Rule 8 "allows a plaintiff considerable leeway in framing its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim." *GJR Invs., Inc.*, 132 F.3d at 1367. Thus, a plaintiff must allege some factual detail as the basis for a § 1983 claim. *Id.* In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to „state a claim to relief that is plausible on its face.." *Iqbal,* 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Therefore, in a § 1983 action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 1948.

*Keating v. City of Miami*, 598 F.3d 753, 762-763 (11th Cir. 2010).

Finally, when construing the pleadings of a pro se plaintiff, such as in the instant action, the Court will construe the pleadings liberally. *Douglas v. Yates*, 535 F.3d 1316, 1319-1320 (11th Cir. 2008); *Williams v. Brown*, 347 Fed.Appx. 429, 434 (11th Cir. 2009). Even in light of this factor, however, the requirements for pleading and dismissal are still applicable. *Id.*

After reading Plaintiff Moton's complaint in a liberal fashion, the Court finds that Moton can prove no set of facts in support of his claim which would entitle him to relief. Therefore, Defendant Walker's motion to dismiss will be granted.

## DISCUSSION

### *Failure To State a Claim Regarding the Strip Search*

The Complaint alleges a factual scenario concerning what is termed a visual body cavity search. Thus, "[A] 'visual body cavity search' is a strip search that includes the visual examination of the anal and genital areas." *McCabe v. Mais*, 580 F.Supp.2d 815, 822 (N.D. Iowa 2008). In the prison context, inmates must submit to visual body cavity searches without individualized suspicion. *Padgett v. Donald*, 401 F.3d. 1273, 1278 (11th Cir. 2005). The *Padgett* Court stated:

> Prisoners "do not forfeit all constitutional protections by reason of their conviction and confinement in prison," *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1979), but they do not enjoy the same Fourth Amendment rights as free persons, *see Harris v. Thigpen*, 941 F.2d 1495, 1513 (11th Cir.1991) (noting that a prisoner retains only those rights consistent "with his status as a prisoner or with the legitimate penological objectives of the corrective system" (citations omitted)). Prisoners have no Fourth Amendment rights against searches of their prison cells, for example. *Hudson*, 468 U.S. at 526, 104 S.Ct. at 3200. They must submit to visual body-cavity searches executed without individualized suspicion. *Bell*, 441 U.S. at 558, 99 S.Ct. at 1884. They must undergo routine tests of their blood, hair, urine, or saliva for drugs. *Green v. Berge*, 354 F.3d 675, 679 (7th Cir.2004) (Easterbrook J., concurring). Because of these and other limitations on prisoners' Fourth Amendment rights, courts have recognized that prisoners comprise a separate category of persons for purposes of the Amendment. *See, e.g., Jones*, 962 F.2d at 307 n. 2; *see also, e.g., Green*, 354 F.3d at 679 (Easterbrook, J., concurring).
>
> *Ferguson* and *Edmond* struck down suspicionless searches because they vindicated no special need distinguishable from general law enforcement. However, the searches they discussed were performed on free persons, not incarcerated felons. *Edmond,* 531 U.S. at 40-41, 121 S.Ct. at 453-54 (police searched motorists' cars at roadside checkpoints in order to uncover "evidence of ordinary criminal wrongdoing"); *Ferguson*, 532 U.S. at 82, 121 S.Ct. at 1290-91 (hospital personnel administered drug tests to certain pregnant woman and turned over any positive results to the police). Neither case condemned suspicionless searches of prisoners executed without a special need nor required us to apply the special needs analysis in every situation.

*Padgett,* 401 F.3d at 1278-79.

A review of the Eleventh Circuit's discussion of the issue in *Powell v. Barrett*, 541 F.3d 1298, 1305-1306, (11th Cir. 2008), must be read for the proposition that there is nothing inherently unreasonable about requiring visual body cavity searches. However, searches of the sort raised in Moton's Complaint must be conducted in a reasonable and non-abusive manner. *Evans v. Stephens*, 407 F.3d. 1272, 1281 (11th Cir. 2005). There is no requirement that searches be delicately conducted in the least intrusive manner, as long as they are conducted in a reasonable manner. *Id.*

A review of the facts of *Evans* reveals a search allegedly conducted in a very abusive manner:

> Plaintiffs were taken to and searched in an abnormal place (thus, capable of exciting more fear): a broom closet or supply room, not a dedicated search cell, medical examination room, or even a bathroom. *See Justice v. Peachtree City*, 961 F.2d 188, 193 (11th Cir.1992) (approving of private room); *Skurstenis v. Jones*, 236 F.3d at 678, 682 (11th Cir.2000) (bathroom). Little respect for privacy was observed. Each Plaintiff was forced to disrobe, ridiculed, and penetrated by an object in front of the other. *See Justice*, 961 F.2d at 193 (noting that arrestee and officers were the only people in room). The physical aspects of the searches are also disturbing. Unnecessary force was used. Evans was thrown into Jordan, causing both men to collapse. As Jordan tried to stand back up, Officer Stephens hit him with a baton-like object. It matters that a body cavity search was undertaken. In addition, while conducting the search, Stephens inserted the same baton or club-without intervening sanitation-in each Plaintiff's anus and used the same baton or club to lift each man's testicles.

541 F.3d 1298, 1305-1306.

Other than the conducting of the search itself, none of the specific facts which made the search egregious in that case have been alleged in the present action.

Accepting the facts as alleged by Moton as true, the Complaint does not state a cause of action upon which relief can be granted as to the issue of the necessity or

7

propriety of the strip search conducted by Defendant Walker. Other than conclusory assertions about the search, no facts are adduced as to why the search was unnecessary, nor are there any other allegations from an objective perspective as why the manner of this search was unreasonable. Taking Moton's assertions as true, the mere fact that he was required to allow inspection of his anus three times does not rise to the level of conducting the visual body cavity search in an unreasonable or abusive manner, and does push an otherwise legally acceptable search into a constitutional violation. Accordingly, the facts in the Complaint do not set up a plausible claim of relief that the need or the manner of the search conduct was unreasonable, and this claim must be dismissed on that basis.

### *Failure To State a Claim of Retaliation*

Moton's allegations concerning the supposed retaliation in this case are nebulous. Liberally construing the Complaint, it appears that Moton alleges some connection of the strip search with his filing of complaints against staff and conditions of confinement. However, what role the sole Defendant to this cause of action had with this activity is not set out in any meaningful way. These allegations do not state a plausible claim with respect to Defendant Walker.

As to the standards for a claim of retaliation in the prison context, the Eleventh Circuit has held:

> To state a constitutional retaliation claim, a plaintiff must show that: (1) his speech or act was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there was a causal connection between the retaliatory actions and the adverse effect on the speech. *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). The district court concluded that Davis had failed to state a retaliation claim because his complaint did not plead facts establishing the third prong of causation.

*Davis v. U.S.*, 272 Fed. Appx. 863, 867 (11th Cir. 2008).

The causal connection may be alleged by setting out a chronology of events that creates a plausible inference of retaliation. *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988); *Smith v. Florida Dept. of Corrections*, 2010 WL 1377351 (11th Cir. 2010). In the present action, Moton's claims of retaliation are not supported by any specific facts or a chronology establishing a causal connection between the actions of Defendant Walker and any retaliatory conduct. Because of this failure, Moton's claim for retaliation must be dismissed.

### *Failure To State Claim for Compensatory or Punitive Damages*

Moton seeks both compensatory and punitive damages against Defendant Walker. However, there are no allegations in the Complaint supporting a claim of any physical injury to Moton relative to the incident alleged. Under 42 U.S.C. §1997e(e), the Prison Litigation Reform Act, a Plaintiff must make a showing of a physical injury which is more than de minimis before being entitled to compensatory or punitive damages. *Hale v. Secretary for Dept. of Corrections*, 345 Fed.Appx. 489, 492 (11th Cir. 2009); *Williams v. Brown*, 347 Fed.Appx. 429, 436 (11th Cir. 2009); *Quinlan v. Personal Transport Services Co.*, 329 Fed.Appx. 246, 249 (11th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007).

In this action, the allegations do not reflect any plausible physical injury to Moton. Accordingly, Plaintiff's claims for compensatory and punitive damages must be dismissed.

### *Qualified Immunity*

As a general rule, a government official is entitled to qualified immunity from a civil rights action ". . . unless the law preexisting the defendant official's supposedly wrongful act was already established to such a high degree that every objectively reasonable official

standing in the defendant's place would be on notice that what the defendant official was doing would be clearly unlawful given the circumstances." *Pace v. Capobianco*, 283 F.3d. 1275, 1282 (11th Cir. 2002). The allegations in Moton's Complaint, particularly with respect to the manner of conducting the strip search, do not describe a constitutional violation that was clearly established.

In *Webb v. White*, 2008 WL 4889116 (M.D. Fla. 2009), the Court ruled that qualified immunity barred a claim concerning the strip search of a male inmate conducted within the sight of a female guard. The Court held the actions that allegedly occurred were not established as being clearly unlawful. *Id.* The facts alleged in this action do not show violation of a right whose contours are sufficiently clear that Defendant Walker would know his actions were unlawful. *See Evans v. Stephens*, 407 F.3d. 1272, 1281 (11th Cir. 2005).

### *Failure To Exhaust Administrative Remedies*

Moton's Complaint must be dismissed because he failed to exhaust his available administrative remedies pursuant to 42 U.S.C. §1997e(a) through the Florida Department of Corrections' grievance procedure. Pursuant to 42 U.S.C. §1997e(a), "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted "all administrative remedies as are available." This requirement is mandatory. *Alexander v. Hawk*, 159 F.3d 1321, 1323 (11th Cir. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir.1999).

The Florida Department of Corrections generally provides a three-step grievance procedure. First, an inmate must file an informal grievance. See Chapter 33-103.005 of the Florida Administrative Code (hereinafter F.A.C.). If the issue is not resolved, the inmate must then file a formal grievance at the institutional level. See Chapter 33-103.006, F.A.C.

If the matter is not resolved at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Florida Department of Corrections. See Chapter 33-103.007, F.A.C.

A review of Moton's Complaint reveals, on page 3, that he marked he did not appeal his grievance in this matter to the Office of the Secretary of the Department of Corrections. This direct acknowledgment by Moton is fully consistent with the documentation attached to the Complaint. The attachments to the complaint reflect that Moton submitted only an informal and a formal grievance within the institution to the warden's office. There is no documentation reflecting an appeal of the grievance(s) to the Office of the Secretary of the Department of Corrections. Although there appears to have been a referral for investigation of Moton's informal grievance, Moton submitted an additional grievance (attached to the Complaint), dated October 29, 2005, in which he asserted that he did not agree with the action being taken.

Florida Administrative Code Rule 33-103.007(1) provides that an inmate who feels that his grievance has not been satisfactorily resolved through the formal grievance process may appeal to the Office of the Secretary. By failing to appeal to the Office of the Secretary what he deemed an inadequate response, Moton failed to complete the administrate process.

Moton's failure to complete the administrative process is fatal to his claim. As held by the Eleventh Circuit in *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005):

> "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" (quoting *Pozo v. McCaughtry*, 286 F.3d 1022,

11

1024-25 (7th Cir. 2002)).

Moton did not fully exhaust his administrative remedies. Because he has failed to do so, his action must be dismissed. *Id.; Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999).

### *Moton's Response in Opposition to the Motion To Dismiss*

Nothing in Moton's response in opposition to the motion to dismiss persuades the Court that Defendant Walker's Rule 12(b)(6) motion to dismiss should not be granted.

Accordingly, the Court orders:

That Defendant Walker's motion to dismiss (Doc. 13) is granted. Pursuant to *Duff v. Steub*, no judgment will be entered, and the dismissal of this case is without prejudice. The Clerk is directed to close this case.

ORDERED at Tampa, Florida, on May 26, 2010.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Lewis Martin Moton