UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEWIS MARTIN MOTON, JR.,

    Plaintiff,

v.                                 Case No. 8:09-cv-1986-T-33TBM

SERGEANT K. WALKER,

    Defendant.
_____

## **O R D E R**

This cause is before the Court on Plaintiff Moton's motion for reconsideration of the Court's order granting Defendant Walker's motion for summary judgment. (Doc. 66). Moton filed the motion for reconsideration within 28 days of the date judgment was entered. Therefore, the Court construes the motion for reconsideration as a Rule 59(e) motion to alter or amend the judgment.

## **DISCUSSION**

In the construed motion to alter or amend the judgment, Moton raises six grounds to support his argument that the Court should reconsider its order granting summary judgment: (a) genuine issues of material fact exist as to whether probable cause or a reasonable suspicion existed for the strip search (Doc. 66 at 1); (b) Moton's argument that the strip search lacked penological justification remains unchallenged and the Court should have denied Walker's motion for summary judgment (Doc. 66 at 2); (c) deference was not accorded to prison authorities who approved Moton's grievance about deviation from proper strip search procedure without penological justification (Doc. 66 at 2); (d) the strip

search was not in accordance with Department Procedure 602.018(2)(c) and (3)(a) – (g) (Doc. 66 at 3); (e) Moton never asserted a First Amendment claim and the Court improperly drew inferences in Walker's favor (Doc. 66 at 3); (f) Walker's co-worker failed to report the sexual assault allegation and the investigator of Moton's allegations was once Walker's supervisor, therefore inferring "cronyism." (Doc. 66 at 3).

**STANDARD FOR RULE 59(E) MOTION TO ALTER OR AMEND JUDGMENT**

The decision to alter or amend a judgment pursuant to Rule 59(e) is committed to the sound discretion of the trial court. *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.,* 763 F.2d 1237, 1238 (11th Cir.1985). A Rule 59(e) motion may not be used to relitigate old matters or to raise arguments or present evidence that were available prior to the entry of judgment. *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 759 (11th Cir. 2005).

There are four basic reasons for granting a Rule 59(e) motion. First, the movant may demonstrate a need to correct manifest errors of law or fact upon which the judgment is based, such as when the Court misunderstands a party's position -- i.e., a mistake of apprehension rather than reasoning. Second, the motion may be granted for a party to present newly discovered or previously unavailable evidence. Third, relief is available under Rule 59(e) to prevent manifest injustice, such as that resulting from misconduct of counsel. Finally, an intervening change in controlling law may justify granting a Rule 59(e) motion. *11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1* (2d ed. rev.2009).

Succinctly put, a motion to alter or amend judgment must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing

2

nature to induce the court to reverse its prior decision." *United States v. DeRochemont*, 2012 WL 13510 *2 (M.D. Fla. 2012) (citations omitted)(noting that reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources).

## THE PRESENT CASE

Here, although the majority of Moton's arguments were not raised in his second amended complaint (Doc. 32), they were raised in Moton's response to Walker's motion for summary judgment. See Doc. 61, pg. 1-5, 16 (explaining Department rules and procedures governing strip searches and arguing Walker did not abide by those rules and procedures); pg. 5-6 (arguing that Walker did not respond to some of Moton's factual contentions and legal arguments); pg. 12-13 (arguing Moton's allegations of sexual abuse were not properly reported); pg. 16-18 (arguing there was insufficient justification for the strip search and it was without a legitimate penological interest); pg. 20 (arguing that officials approved Moton's grievance, but that cronyism within the Department of Corrections prevented the investigator from concluding Walker violated procedure).

This Court clearly acknowledged in its order granting summary judgment that Moton did not raise a First Amendment retaliation claim. (Doc. 64 at 12). The Court found that in light of the corresponding case law on the issue, even accepting the facts as alleged by Moton as true, Moton had not shown that the strip search was unnecessary or that it was conducted improperly, nor had Moton alleged facts that rose to the level of sexual abuse. (Doc. 64, p. 11-12). These issues have already been considered and ruled on by the Court.

Moton does not allege that a change in the controlling law has intervened, nor does he claim that new evidence has become available. Moton does not claim that the Court's

order granting summary judgment constituted clear error or manifest injustice that the Court must correct.

Instead, Moton has taken this opportunity to relitigate issues that have already been adjudicated by the Court. While in most cases one party will maintain that the Court's decision was based on flawed reasoning, a motion for reconsideration is not the proper "forum for the party to vent [ ] dissatisfaction with the Court's reasoning." *Ludwig v. Liberty Mut. Fire Ins. Co.*, 2005 WL 1053691 at *4 (citing *McCoy v. Maycon Water Authority*, 966 F.Supp. 1209, 1223 (M.D. Ga. 1997)). This court "should not reconsider its judgment when the motion for reconsideration fails to raise new issues, but instead, relitigates that which the Court previously found lacking." *Travaglio v. American Exp. Co.*, 2011 WL 4804799, *2 (M.D. Fla. 2011) (citations omitted).

The Court has carefully reviewed Moton's arguments, but finds that these arguments are unsupported by facts or law of a "strongly convincing nature." Moreover, the Court is not convinced that reconsideration of the order granting summary judgment is necessary to correct a clear error or to prevent manifest injustice.

Accordingly, the Court orders:

That Moton's construed Rule 59(e) motion to alter or amend the judgment (Doc. 66) is denied.

ORDERED at Tampa, Florida, on March 19, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Lewis Moton

4